DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from a judgment of the Wood County Court of Common Pleas that denied appellant's motion to vacate transfer of this case, to vacate the results of the hearing held on the issue of transfer and to change his status as non-residential parent of the parties' children. For the reasons that follow, this court affirms the judgment of the trial court.
 {¶ 2} Appellant sets forth the following as his sole assignment of error:
 {¶ 3} "The trial court erred as a matter of law, abused its discretion and ruled against the manifest weight of the evidence when it failed to hear the defendant-appellant's motion to vacate transfer of case to North Carolina based upon the pleas of Martin Frankel and Sonia Howe in the U.S. District Court for Connecticut."
 {¶ 4} The parties herein have been litigating and appealing issues relating to their 1991 divorce for many years. The record before us contains very little information due to the transfer of this case to North Carolina in 1999. This court takes judicial notice of its opinion on appellant's appeal of the transfer, and from that we know that on December 23, 1999, the Wood County Court of Common Pleas determined that the state of North Carolina, where appellee and the parties' two children had been living since the mid-1990s, was the more appropriate forum for any further proceedings in this matter. The trial court transferred jurisdiction over the matter to the state of North Carolina, Mecklenburg County District Court, dismissed the case from the Wood County Court of Common Pleas and did not retain jurisdiction. Appellant appealed the decision to transfer the case and this court affirmed on March 16, 2001. See Howe v. Schulte (2001), 141 Ohio App.3d 760.
 {¶ 5} On July 22, 2002, appellant filed his motion to vacate the decision to transfer the case, and on August 20, 2002, the Wood County Court of Common Pleas denied the motion, finding that it no longer retained jurisdiction over the case. Based upon our review of the proceedings in the trial court, we agree. The case was transferred to the appropriate county in North Carolina pursuant to an order which this court subsequently affirmed. Jurisdiction over this matter lies with the district court in Mecklenburg County, North Carolina. Accordingly, appellant's sole assignment of error is found not well-taken.
 {¶ 6} On consideration whereof, this court finds that substantial justice was done the party complaining and the judgment of the Wood County Court of Common Pleas is affirmed. Costs assessed to appellant.
 JUDGMENT AFFIRMED.
Richard W. Knepper, J., Judith Ann Lanzinger, J., and Arlene Singer, J. CONCUR.